CASSANDRA LOUISE MATHIS, )
)
     Plaintiff, ) No. 3:24-cv-01128
)
v. )
) JUDGE RICHARDSON
MARTIN J. O'MALLEY, )
)
     Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the parties' "Joint Motion for Payment of Fees Under the Equal Access to Justice Act" ("EAJA") (Doc. No. 22, "Motion"), and Plaintiff's prior "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act" (Doc. No. 21, "Plaintiff's Prior Motion"). For the reasons discussed herein, the Court grants the Motion, which moots Plaintiff's Prior Motion.

On October 31, 2025, the Court issued an order (Doc. No. 23, "October Order") "defer[ing] ruling on the Motion for 30 days to allow Plaintiff to attempt to satisfy the burden of showing that a rate increase is justified." (*Id.* at 1). In its October Order, the Court found "that EAJA fees are warranted under the act," and that the amount of time Plaintiff's counsel expended (i.e., 35 hours)[1] was reasonable, but that "the filings [were] insufficient to determine the rate at which Plaintiff should be paid." (*Id.* at 2-3). Notably, via her Motion, Plaintiff requests a cost-of-living adjustment in the hourly rate from the $125 presumptive maximum under the EAJA to $211.43.[2] (Doc. No.

---

[1] Although Plaintiff submitted an itemization of hours expended on this matter totaling 36.7 hours, Plaintiff is only requesting fees for 35 hours. (Doc. No. 21 at 2).

[2] Plaintiff requests $7400 for 35 hours of work, which roughly equates to an hourly rate of $211.43.

22). But as the Court noted in its October Order, "[i]n making this request in her Motion, Plaintiff cites only the Consumer Price Index ('CPI'), without providing any other basis upon which to increase the hourly rate. (Doc. No. 21 at 1-2)." (Doc. No. 23 at 4). So the Court deferred "ruling on the Motion for 30 days to allow Plaintiff to attempt to satisfy the burden of showing a rate increase with evidence other than the CPI based on the prevailing rates in the Middle District of Tennessee," (Doc. No. 23 at 5), reasoning that "[t]he Sixth Circuit has explicitly held that 'reference to the CPI alone is insufficient to sustain a plaintiff's burden; a plaintiff must also submit evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."'" (*Id.* at 4 (quoting *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017) (internal citations and quotations omitted))).

On November 6, 2025, Plaintiff filed a response (Doc. No. 24, "Response") to the Court's October Order. Rather than simply providing additional evidence—i.e., evidence other than the previously provided CPI—to satisfy her burden of showing that the requested rate increase was justified based on the prevailing rates in the Middle District of Tennessee, Plaintiff dedicated an extensive portion of her Response to disputing that Plaintiff was required to provide additional evidence as directed by the Court. For example, Plaintiff began her Response by stating that because "SSA has refused to assert any EAJA defenses," that "the uncontested EAJA motion *must* be granted in its *entirety*." (Doc. No. 24 at 2 (emphasis added)). As the Court could have sworn it made 100 percent clear, this is entirely untrue. As the Court clearly stated in the October Order, and as the Court will reiterate herein, although the Motion is unopposed, under the EAJA, fees must nonetheless be "reasonable," and thus this Court "has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case."

*Jones v. Berryhill*, No. 6:17-cv-0153-SI, 2018 WL 770175, at *1 (D. Or. Feb. 7, 2018) (quoting

*Schwitzke v. Berryhill*, No. 3:16-CV-06019-DWC, 2017 WL 6558257, at *1 (W.D. Wash. Dec.

22, 2017) (citation omitted)).[3] Further, the Sixth Circuit has cautioned lower courts against "rubber

stamp[ing]" EAJA fee applications. *Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 200

(6th Cir. 1992). And the rationale for this seems clear enough (and sound): these are public funds,

and approval of payment of public funds to private parties should not be made unthinkingly.

So the fact that the Motion is unopposed does not relieve the Court of its duty to ensure

that the fees requested are reasonable, and notably, "[p]laintiffs bear the burden of producing

appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d

443, 450 (6th Cir. 2009) (citation omitted). Therefore, it was appropriate, and indeed required, for

the Court to direct Plaintiff to provide additional evidence of reasonableness before it could grant

the Motion—especially considering that Sixth Circuit precedent is clear that reference to the CPI,

which is all that Plaintiff provided, alone is insufficient to sustain a plaintiff's burden.[4]

---

[3] *See e.g.*, *Troyer v. Comm'r of Soc. Sec.*, No. 1:12-CV-759, 2014 WL 834109, at *2 (W.D. Mich. Mar. 4, 2014) ("While Defendant has not opposed the amount requested, the Court nevertheless has an independent responsibility to ensure the reasonableness of any EAJA fee award." (citing *Farmer v. Astrue,* No. 09-2505-JWL, 2010 WL 4904801, at *1 (D. Kan., Nov. 24, 2010) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 432-34 (1983)); *Brennan v. Barnhart,* No. 05-123-P-S, 2007 WL 586794, at *1 (D. Maine, Feb. 20, 2007))); *Lindsey B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-12370, 2025 WL 2143741, at *2 (E.D. Mich. July 29, 2025) ("While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014))).

[4] Plaintiff protests that "the COLA adjustment sought herein is absolutely routine" and that "there is no question that the uncontested COLA adjustment here is well below the market rate and even below COLA adjustments this Court routinely awards." (Doc. No. 24 at 2). But Plaintiff cites no authority for the proposition that the above-referenced Sixth Circuit requirements are inapplicable whenever the requested COLA adjustment (supposedly) is "absolutely routine" "[beyond] question." The undersigned's job would be easier if he could ignore Sixth Circuit requirements for granting relief in cases where the requested relief is "absolutely routine" or beyond question, but it is a very basic reality that he cannot do so. And if the question is such an easy one, then Plaintiff should have little difficulty answering it (in her favor) to the Court's satisfaction without getting into unnecessary arguments with the Court.

In the interests of judicial efficiency—and especially considering that the Court has decided (for the reasons discussed below) to grant the Motion—the Court elects not to point out every single one of the many shortcomings in Plaintiff's Response, but the Court will take a moment to address a few specific arguments made by Plaintiff with which the Court takes particular issue.

The Court will begin with Plaintiff's fourth argument, whereby she asserts that "over the past 20 years in every case our firm has won in this District, this Court has always granted the EAJA COLA adjustments we have sought based on the identical information already provided to this Court." (Doc. No. 24 at 3). Notably, not only were the cases cited in the Response not previously cited in the Motion or Plaintiff's Prior Motion, but even more telling, none of the cited cases were decided by the undersigned. The fact that (according to Plaintiff) other judges in this district have granted Plaintiff's counsel's EAJA COLA adjustments based on identical information in the past did not obligate the Court—nor make it appropriate for the Court—to allow the adjustment in this case, because Sixth Circuit precedent is clear that what Plaintiff provided is not enough. Therefore, the Court finds this argument to be wholly unavailing, and the Court flat out rejects Plaintiff's invitation for the undersigned to flout binding precedent based on Plaintiff's counsel's insistence that other judges have done things differently.

As for Plaintiff's sixth argument, that "the Sixth Circuit has specifically admonished lower courts that they abuse their discretion when they refuse to grant meaningful COLA adjustments to EAJA hourly rates in disability appeals," (Doc. No. 24 at 4), the argument is entirely inapt because the Court has not "refused to grant COLA adjustments"; instead, as it made 100 percent clear, the Court was *deferring* a decision on whether to grant a COLA adjustment pending its receipt of additional information as to whether the COLA adjustment in fact is appropriate in the first place.

In addition to being inapt, Plaintiff's argument is flawed. In support of this argument, Plaintiff cites *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484 (6th Cir. 2021), but notably, Plaintiff's argument is not actually supported by the Sixth Circuit's holding in *Doucette* and instead represents a mischaracterization of *Doucette*. Notably, in *Doucette* the Sixth Circuit was reviewing a district court's decision to deny a requested rate increase based on prior fee awards, even though the plaintiff provided credible evidence in support of allowing the requested (higher) fee award. In *Doucette*, the court stated the following:

> Although relying on prior fee awards may be proper in the absence of any credible evidence by the fee applicant of a higher prevailing market rate, summarily dismissing the applicant's evidence and treating prior default EAJA awards as dispositive holds other plaintiffs' shortcomings against the applicant. Because we see no principled reason for such an approach, we hold that the district courts abused their discretions by giving unreasonable weight to prior fee awards.

13 F.4th 484 at 492 (internal citations and quotations omitted). It is illogical and misleading to say that *Doucette* supports Plaintiff's overly broad assertion that lower courts "abuse their discretion when they refuse to grant meaningful COLA adjustments to EAJA hourly rates in disability appeals." (Doc. No. 24 at 4). Instead, the holding of *Doucette* is specifically related to denying adjustments to hourly rates based on prior fee awards when a plaintiff provides credible evidence in support of allowing the higher fee award. Moreover, even if *Doucette* could conceivably support Plaintiff's argument, Plaintiff's argument really is simply another way of saying that a district court abuses its discretion when it refuses to allow for *reasonable* adjustments to EAJA hourly rates. But this argument fails to help Plaintiff because, as noted above, the Court's October Order merely required Plaintiff to provide evidence establishing that the requested rate increase was reasonable, the provision of which would enable the Court to approve the rate increase. Therefore, this argument completely misses the mark.

Before turning to whether Plaintiff has provided sufficient evidence from which the Court can find her request for an increased rate reasonable, the Court will analyze one more of Plaintiff's arguments. Via her seventh argument, Plaintiff states that "EAJA COLA adjustments are routine and not litigated by SSA any longer almost anywhere in the nation ever" and that "litigation dedicated to an uncontested COLA adjustment is a waste of time." (Doc. No. 24 at 4).

The Court emphatically rejects the latter part of this contention. It is counsel that has wasted time. Specifically, counsel has wasted its own and this Court's time by making meritless arguments that presume that this Court should ignore binding precent, rather than simply providing the information required by such binding precedent as identified by the Court. As discussed above, the Court must make an independent determination regarding whether the fees requested are reasonable—regardless of whether the fees are contested or not—and because Plaintiff bears the burden of producing evidence to support a fee increase, it is surely not a waste of time to require Plaintiff to do just that.

This is not the Court's requirement. And this is not the undersigned being a stickler. This is the undersigned following binding precedent. If counsel does not like that, that is just too bad. And if counsel is upset because counsel has things to do other than establish the propriety of a rate increase in this case, well, so too does the Court. But that is not to say that counsel and the Court are in the same boat; rather it is counsel (and counsel's client), and not the Court, that stands to reap personal financial benefits from establishing the propriety of a rate increase in this case, and so it is counsel (and not the Court) that should not be too busy to do that.

After pages of unnecessary and unpersuasive briefing,[5] Plaintiff's Response eventually provided evidence from which the Court can conclude that the requested rate increase is justified and reasonable. Namely Plaintiff provided (1) evidence of the average hourly rates for appellate attorneys in Tennessee and (2) an affidavit from Michael Patrick Williamson[6] (Doc. No. 24-2, "Williamson Affidavit"). (Doc. No. 24 at 5-6). First Plaintiff asserts that "easily accessed publicly available information[7] shows that the average noncontingent hourly rate for attorneys in Tennessee is $298.00 with appellate litigation, which is what the instant case involves, having an average hourly rate of $321.00." (*Id.* at 5 (citing *How Much Should I Charge as a Lawyer in Tennessee?*, CLIO, https://www.clio.com/resources/legal-trends/compare-lawyer-rates/tn/)). Notably, Plaintiff failed to provide a permalink in her citation, which is of relevance in this case because the source has been updated and no longer reflects the averages provided by Plaintiff in her Response. Instead, the cited material now states that the average hourly rate of an attorney in Tennessee is $299.00,

---

[5] Notably, Plaintiff concludes her Response by discussing how much time she spent drafting her Response, stating, "counsel was forced to expend an additional 5.4 hours on this reply researching, outlining, drafting this brief solely in an attempt to get this Court to honor the parties' EAJA agreement." (Doc. No. 24 at 6). The Court emphasizes that counsel was not "forced" to dedicate this much time to the Response, and indeed the Court believes much of the time spent was unnecessary after reviewing the substance of the Response. Those extra hours are on Plaintiff. As for the Court, it has spent extra time because counsel did not do the straightforward things counsel was required to do in the first place.

[6] Mr. Williamson has been representing Social Security disability claimants for decades, with nearly all of his federal work taking place in the United States District Court for the Middle District of Tennessee. (Doc. No. 24-2 at ¶ 1).

[7] To the extent that the phrase "easily accessed publicly available information" was meant as a jab at the Court, it is not only entirely unhelpful (and inappropriate, in the view of the undersigned) but actually cuts against arguments made in Plaintiff's Response. More specifically, if the information is so "easily accessible"—as Plaintiff herself asserts—then Plaintiff's complaints about having to provide it is wholly unnecessary; if this information was so easily accessible, then instead of complaining about having to present this information, Plaintiff should have just presented it. Relatedly, it is not the Court's job to find this information; rather, it is Plaintiff's burden to present it. Notably, and as discussed above, "Plaintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (citation omitted). This means that no matter how "easily accessible" the evidence, it is Plaintiff's job to provide it to the Court, not the other way around.

and that the average hourly rate for appellate litigation attorneys specifically is $287.00. *See How Much Should I Charge as a Lawyer in Tennessee?*, CLIO (March 2026), https://www.clio.com/resources/legal-trends/compare-lawyer-rates/tn/. But even in light of this discrepancy, the citation still supports Plaintiff's argument that the requested hourly rate of $211.43 amounts to a reasonable fee increase considering the requested rate is less than both sets of averages: those asserted by Plaintiff in the Response and those currently reflected in the cited material. But it is worth noting that the Court has concerns with whether this evidence alone would be sufficient since it reflects averages in Tennessee generally as opposed to the prevailing rates in the Middle District of Tennessee specifically, as required. But the Court need not dwell on this concern since Plaintiff also filed the Williamson Affidavit.

Importantly, courts—including this one—have found that an affidavit that discusses the reasonableness of a requested rate increase is sufficient evidence from which a court can find a requested increased rate reasonable. *See e.g.*, *Minervini v. Saul*, No. 3:19-cv-00881, 2020 WL 7055551, at *3 (M.D. Tenn. Dec. 2, 2020) (Richardson, J.) (Relying on the CPI and evidence in the form of a single declaration when finding that that the requested rate increase was reasonable); *Reginald V. v. Comm'r of Soc. Sec.*, No. 1:25-cv-00062, 2026 WL 705206, at *1 (W.D. Mich. Feb. 24, 2026) (approving a rate increase as reasonable based on the CPI and an affidavit), *report and recommendation adopted sub nom. Vick v. Comm'r of Soc. Sec.*, No. 1:25-CV-62, 2026 WL 703354 (W.D. Mich. Mar. 12, 2026). The Williamson Affidavit establishes that Mr. Williamson has been representing Social Security disability claimants for decades, with nearly all of his federal work taking place in the United States District Court for the Middle District of Tennessee, (Doc. No. 24-2 at ¶ 1), and that he is "familiar with the Middle District of Tennessee legal market for SS disability attorneys" (*id.* at ¶ 5). Mr. Williamson attests that:

> Based on [his] own personal experience and knowledge as well as discussions with other attorneys in this District, representation of SS disability claimants in the Middle District of Tennessee would command <u>non-contingent</u> hourly rates of at least $250.00 and up to $500.00 or more **if** such fees could be charged (which, again, they cannot). The effective hourly rate of such work on a <u>contingent</u> basis has to be higher than that range due to the risk of non-recovery.

(*Id.* at ¶ 9). The Court finds that the requested rate increase from the $125 presumptive maximum under the EAJA to $211.43 is reasonable in light of the information provided in the Williamson Affidavit, which included information about the hourly rates for this type of work in the Middle District of Tennessee.

In sum, and after considering the CPI, the evidence of the average hourly rates for appellate attorneys in Tennessee, and the Williamson Affidavit, the Court finds that Plaintiff has sustained her burden of proving that the requested rate increase (from the $125 presumptive maximum under the EAJA to $211.43) is reasonable. Therefore, the Court will grant the Motion.

CONCLUSION

Plaintiff's counsel evidently does not place stock in the aphorism that you catch more flies with honey than with vinegar. Nevertheless, Plaintiff will catch the metaphorical fly, i.e., the requested award of attorney's fees.

The Motion (Doc. No. 22) is **GRANTED**, which **MOOTS** Plaintiff's Prior Motion (Doc. No. 21). Plaintiff is awarded attorney's fees in the amount of $7,400.00. Fees awarded to Plaintiff shall be used to offset any existing debt Plaintiff may owe the United States under *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff does not owe any debt to the United States, Defendant shall direct payment of the award to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff. Moreover, the parties agree (Doc. No. 22 at 2), and the Court finds, that Plaintiff should be reimbursed of $405.00 (which represents the cost of the filing fee) from the Judgment Funds administered by the U.S. Department of Treasury.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE